| | | |
|---|---|---|
| **RASHAUD BROWN** | * | **NO. 2021-C-0734** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **VALERO REFINING** | * | |
| **MERAUX, LLC** | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 21-0469, DIVISION "DIVISION D"
Honorable Darren M. Roy
\* \* \* \* \* \*
**Judge Nakisha Ervin-Knott**
\* \* \* \* \* \*

(Court composed of Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins, Judge Nakisha Ervin-Knott)


Jacque R. Touzet
Jacque Touzet, Attorney at Law
900 Camp St., Floor 3
New Orleans, LA 70130

Raymond P. Ward
Roland M. Vandenweghe, Jr.
Taylor E. Brett
Adams and Reese LLP
701 Poydras St., Suite 4500
New Orleans, LA 70139

       COUNSEL FOR RELATOR

Lance V. Licciardi
Licciardi Law Office, L.L.C.
1019 W. Judge Perez Dr.
Chalmette, LA 70043

Michael C. Ginart, Jr.
Law Offices of Michael C. Ginart, Jr.
2114 Paris Rd.
Chalmette, LA 70043

4900347

David C. Jarrell
Law Offices of David C. Jarrell, A.P.L.C.
9101 W. St. Bernard Hwy.
Chalmette, LA 70043

COUNSEL FOR RESPONDENT

**WRIT GRANTED; NOVEMBER 15, 2021 JUDGMENT
REVERSED; AND JUDGMENT RENDERED
April 18, 2023**

4900347

This matter is before the Court on remand from the Louisiana Supreme Court. In a per curiam, the Louisiana Supreme Court ordered that this Court reconsider its previous ruling in light of the decision in *Spencer v. Valero Ref. Meraux, L.L.C.*, 2022-00469, 2022-00539, 2022-00730 (La. 1/27/23), 356 So. 3d 936. For the following reasons, we grant the writ and reverse the district court's judgment.

### Relevant Facts and Procedural History

This case is one of many that arises from a refinery explosion. The Louisiana Supreme Court explained the background to the underlying action as follows:

> On April 10, 2020, at approximately 12:45 a.m., an accident, fire, and explosion ("the explosion") occurred in the hydrocracker unit at the Valero refinery in Meraux, Louisiana. The fire was extinguished at approximately 10:00 a.m. on April 11, 2020, and the all-clear was given. No significant levels of chemicals were detected as a result of the explosion. Multiple residents in the vicinity of the refinery filed suit for the negligent infliction of emotional distress.

*Spencer*, 2022-00469, 2022-00539, 2022-00730, pp. 1-2, 356 So. 3d at 940-41.

Rashaud Brown is one of the residents who witnessed the event and filed suit. On July 16, 2020, Mr. Brown filed a Petition for Damages with the Justice of

1

the Peace Court in St. Bernard Parish. Valero Refining Meraux, LLC (herein "Valero") answered and sought to dismiss the petition. On March 29, 2021, the Justice of the Peace dismissed the case, and Mr. Brown appealed to the 34th Judicial District Court. The district court held a trial *de novo* on October 26, 2021, during which it considered argument, evidence, and testimony from the parties. On November 15, 2021, the district court issued a judgment in favor of Mr. Brown in the amount of $1,750.00 for general damages.

Valero timely filed a supervisory writ with this Court. In its writ application, Valero argued that the district court erred in awarding general damages for emotional distress when Mr. Brown had not suffered any physical injury from the explosion. On February 25, 2022, we denied the writ, specifically finding that there was a special likelihood of Mr. Brown experiencing genuine and serious mental distress after witnessing the refinery explosion. Valero then filed a supervisory writ with the Louisiana Supreme Court. On January 27, 2023, the Louisiana Supreme Court issued its decision in *Spencer*. On April 4, 2023, the Louisiana Supreme Court granted writ in this case and remanded the matter back for reconsideration in light of its opinion in *Spencer*. *See Brown v. Valero Ref. Meraux, LLC,* 2022-00521 (La. 4/4/23), ___ So.3d ____, ____, 2023 WL 2769375.

## Discussion

### *The Spencer Decision*

The plaintiffs in the *Spencer* case were similarly situated to Mr. Brown. The plaintiffs in *Spencer* all lived near the Valero refinery and witnessed the explosion. Although none of the plaintiffs had sought therapy, all noted that they experienced anxiety from the explosion. They all received monetary judgments for emotional distress despite not having suffered a physical injury from the explosion.

2

In analyzing the claims, the Louisiana Supreme Court determined that public policy considerations require reasonable limits be placed on recovery for negligent infliction of emotional distress damages, especially for claims that do not have an accompanying physical damage or injury. *Spencer*, 2022-00469, 2022-00539, 2022-00730, p. 10, 356 So. 3d at 946. In order to recover such damages absent a physical injury, a plaintiff must prove that there was a special likelihood of genuine and serious mental distress arising from special circumstances. *Id*. at p. 16, 356 So. 3d at 950 (quoting *Moresi v. State Through Dep't. of Wildlife & Fisheries*, 567 So. 2d 1081, 1096 (La. 1990)). However, "[t]his rule must be 'stringently applied' in cases that are inherently speculative in nature." *Id*. (quoting *Bonnette v. Conoco, Inc.*, 2001-2767, p. 24 (La. 1/28/03), 837 So. 2d 1219, 1235). Evidence of generalized fear or mere inconvenience is insufficient to meet this standard. *Id*. A plaintiff must show that his or her mental disturbance was serious. *Id*. Ultimately, the Louisiana Supreme Court determined that none of the plaintiffs in the case put forth sufficient evidence to prove that their mental disturbances were serious. *Id*. at p. 18. As such, the record did not support a reasonable basis for the awards, and the Louisiana Supreme Court reversed the lower courts awards for negligent infliction of emotional distress damages.

***On Remand***

The Louisiana Supreme Court noted in *Spencer* that this Court must review the district court's factual determination under a manifest error standard. *Spencer*, 2022-00469, 2022-00539, 2022-00730, p. 8, 356 So. 3d at 945. Under this standard, we must review the record in its entirety and determine that a reasonable factual basis for the determination does not exist for the district court's ruling. *Id*.

(citing *Stobart v. State, through the Dep't of Transp. & Dev.*, 617 So. 2d 880, 882 (La. 1993)).

At the trial of this matter, Mr. Brown testified that the explosion caused the house to shake and the lights to flicker. He testified that he was scared and that his family was panicked, which caused him more distress. He did not sleep for two days after the explosion and still had sleeping issues as of the date of the district court trial. However, Mr. Brown also admitted that he did not receive medical treatment after the explosion and had not seen a doctor about his sleep issues. Mr. Brown did not provide any further evidence regarding his mental anguish.

Mr. Brown's cousin, Kevreion Raines, was a plaintiff in *Spencer*. Mr. Brown lives with Ms. Raines and their extended family, and the two shared similar experiences the night of the explosion. The Louisiana Supreme Court determined that Ms. Raines, like the other plaintiffs, did not provide sufficient evidence to support a finding that her mental disturbance was serious. Similar to the *Spencer* plaintiffs, Mr. Brown also failed to put forth sufficient evidence to show that his mental disturbance was serious and more than a generalized fear or inconvenience. In light of this, we find that the record does not contain a reasonable basis to support the district court's award for negligent infliction of emotional distress damages.

### Decree

For the foregoing reasons, we grant Valero's supervisory writ and reverse the judgment of the district court awarding Mr. Brown damages.

**WRIT GRANTED; NOVEMBER 15, 2021 JUDGMENT REVERSED; AND JUDGMENT RENDERED**